# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**PATRICK C. LYNN,**

        Petitioner,

     v.                     CASE NO. 10-mc-00302-SAC

**SAM CLINE, Warden,**
**Hutchinson Correctional**
**Facility,**

        Respondent.

## O R D E R

    This action was initiated because Mr. Lynn wrote a letter to the Chief Judge of this district requesting "pursuant to 18 U.S.C. 3332(a)," that she "bring to the attention of any currently empanelled (sic) federal grand jury" his attached sworn affidavit/ declaration regarding his alleged constitutional injuries. The Chief Judge directed that this letter be docketed as a "motion to inform grand jury, appoint amicus curiae, and for other relief." As a result, the matter was filed as a miscellaneous case. Having considered the materials submitted by Mr. Lynn, the court finds as follows.

    In his letter and attached Affidavit, Mr. Lynn in essence seeks to complain regarding his state criminal conviction and alleged conditions of his confinement. As Mr. Lynn has been repeatedly advised, in order to obtain relief from a federal district judge based upon a challenge to a state conviction, a state prisoner must file a petition for writ of habeas corpus. To obtain any relief from conditions of confinement, a state prisoner must file a civil complaint. Even though Mr. Lynn alleges that he has been subjected

to physical force by correctional officers in the past, a claim of excessive force by a correctional officer is a conditions claim that must be adequately pleaded in a proper complaint.[1]

Mr. Lynn has previously been designated a three-strikes litigant under 28 U.S.C. § 1915(g), which means he may file a civil complaint, but must pay the filing fee of $350.00 in full up front unless he shows that he is in imminent danger of serious physical harm. In order to be granted leave to proceed without prepayment of the filing fee, he must credibly allege imminent danger of future physical harm in connection with the filing of a motion to proceed in forma pauperis and a proper complaint. Generally, allegations of past danger or harm are insufficient. Mr. Lynn has been advised

---

[1] At the same time, Mr. Lynn mentions that he has been charged with battery upon correctional officers. In analyzing a claim of excessive force, a court must apply the standard set forth in Whitley v. Albers, 475 U.S. 312, 320-21 (1986), namely, "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously or sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). In Graham v. Connor, 490 U.S. 386 (1989), the U.S. Supreme Court discussed Whitley, and distinguished excessive force claims brought by free citizens from such claims brought by incarcerated individuals. In Whitley, the Court stated that, "[a]fter incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment (citations omitted)." Whitley, 475 U.S. at 319. Relevant factors to be considered in making this determination include (1) the need for the application of force; (2) the relationship between the need and amount of force used; and (3) the extent of injury inflicted. Id.; see also Smith v. Cochran, 339 F.3d 1205, 1212 (10th Cir. 2003). This standard is "sensitive to the highly-charged prison environment." "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied sub nom. John v. Johnson, 414 U.S. 1033 (1973); Hudson, 503 U.S. 9-10 (Excluded from the Eighth Amendment's reach are "de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."). A prison guard's use of force is entitled to deference by the courts because their decisions are made "in haste, under pressure, and frequently without the luxury of a second chance." Id. at 1, 6; Whitley, 475 U.S. at 320. Mr. Lynn's 7-page list of KDOC disciplinary reports on KDOC's offender website KASPER, includes numerous offenses involving threats and insubordination as well as battery.
Mr. Lynn is intelligent and more capable than many pro se litigants of filing a proper complaint. In this letter to the Chief Judge and another vitriolic letter sent directly to the undersigned judge, he reiterates his anger at the court's requirement that he use court-provided forms for a complaint at the same time that he claims he is not provided sufficient paper by prison officials upon which to present his legal claims. For these reasons, this letter is not liberally construed as a complaint alleging excessive force; however, Mr. Lynn is free to file such a complaint.

many times of the procedures he must follow to file a proper complaint, and there is no doubt that he is capable of following those procedures.

He has also filed a prior habeas corpus petition that was denied, and is therefore prevented from filing another federal petition challenging his state conviction without permission from the Tenth Circuit Court of Appeals by the second and successive clause in the statutes governing federal habeas corpus actions. See 28 U.S.C. § 2244(b).[2]

Mr. Lynn has utilized the appropriate remedies to raise his conditions and post-conviction claims in the past, and has been made aware of the procedural bars to repetitive actions in his prior cases in this court. His letter appears to be an attempt to circumvent the aforementioned, well-established procedural bars to his repetitive attempts to challenge the conditions of his confinement and to challenge his state court conviction. These statutory procedural bars would be rendered ineffective were he allowed to circumvent them in this manner.

In any event, 18 U.S.C. § 3332(a)[3], cited by Mr. Lynn as

---

[2] Under 28 U.S.C. §2244(b)(3)(A), a second or successive petition for habeas corpus may be filed in the district court only if the applicant first obtains an order from the appropriate federal court of appeals authorizing the federal district court to consider the petition. Id. There is no indication that Mr. Lynn complied with the provisions of § 2244(b) in this case. As a result, this court lacks jurisdiction to address the merits of any § 2254 claim asserted in the Petition. In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006). The court finds that the interest of justice would not be served by transfer of the instant action to the Tenth Circuit Court of Appeals, since it plainly appears that a petition filed at this time would be time-barred and a transfer might raise "false hopes," and waste judicial resources on a case that is "clearly doomed." Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000).

[3] (a) It shall be the duty of each such grand jury impaneled within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district. Such alleged offenses may be brought to the attention of the grand jury by the court or by any attorney appearing on behalf of the United States for the presentation of evidence. Any

3

authority for the relief he requests from the court, describes the powers and duties of the grand jury, and is not a jurisdictional statute. Nor does Mr. Lynn convince the court that he has standing to compel an inquiry by a grand jury into his possible private causes of action, or that his claims may be characterized as offenses against the criminal laws of the United States. The court finds that no jurisdictional basis for this action is alleged and that no legal basis for the requested relief is provided or apparent. The court concludes that Mr. Lynn's requests for relief should be denied, and this action dismissed as without jurisdictional basis.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted leave to proceed in forma pauperis solely for purposes of dismissing this case.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied, without prejudice.

**IT IS SO ORDERED**.

Dated this 6th day of January, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

such attorney receiving information concerning such an alleged offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation.